# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1979V

| | |
|---|---|
| CHRISTOPHER FOX,<br><br>                         Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                         Respondent. | Chief Special Master Corcoran<br><br>Filed: January 8, 2025 |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.*

*Theodore Van Beek, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On November 14, 2023, Christopher Fox filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table injury – Guillain-Barré syndrome ("GBS") as a result of the administration of an influenza ("flu") and Prevnar 13 vaccinations on December 13, 2020. *See* Petition at ¶¶ 1, 22, 24-25; Amended Petition filed August 12, 2024 at ¶¶1, 32, 34-35.[3] Petitioner further alleges that he suffered the

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Respondent observes in his Rule 4(c) Report that

> [t]he Prevnar 13 vaccine cannot give rise to a GBS Table injury. *See, e.g.,* 42 C.F.R. § 100.3. For that reason, [R]espondent understands [P]etitioner to be making a claim for entitlement due to his flu vaccination alone. To the extent [P]etitioner seeks to bring a

residual effects of his injury for more than six months, and that there has been no prior award or settlement of a civil action on his behalf as a result of his injury. *See* Amended Petition at ¶¶ 33, 36-37. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 3, 2025, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that

> [m]edical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), have reviewed the petition and medical records filed in the case. It is [R]espondent's position that petitioner has satisfied the criteria set forth in the Vaccine Injury Table (Table) and the Qualifications and Aids to Interpretation (QAI) for his flu vaccination *alone*, which affords [P]etitioner a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause.

*Id.* at 6-7 (emphasis in original) (citing 42 C.F.R. § 100.3(a)(XIV)(D), (c)(15)).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation for a GBS Table injury following the administration of a flu vaccination on December 13, 2020.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

cause-in-fact claim for entitlement due to his Prevnar 13 vaccination, it is [R]espondent's position that [P]etitioner is *not* entitled to compensation.

ECF No. 26 at 1, n.1.